**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MATHEW KEDZIORA,** | ) | **CASE NO. 1:11 CV 879** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **TECHNICAL TOOL AND GAGE, INC.,** | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |

This matter is before the Court on the Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the Alternative, for Summary Judgment filed by Defendant, Technical Tool and Gage, Inc.  (Docket #7.)

In his Complaint, Plaintiff, Mathew Kedziora, alleges wrongful termination pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. and Section 4112.01 of the Ohio Revised Code.  Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff failed to sufficiently allege that Defendant is an employer for purposes of the ADA.  In the alternative, Defendant seeks summary judgment, asserting that Defendant does not qualify as an employer under the ADA.  Specifically, Defendant argues that it did not "employ 15 or more employees for each working day in each of twenty or more calendar weeks in the year Plaintiff was terminated or during the preceding calendar year" and, therefore, Plaintiff cannot successfully raise a claim against Plaintiff under the ADA.

**Discussion**

**I.     Defendant's Motion to Dismiss.**

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

Defendant argues that Plaintiff did not properly plead that Defendant qualifies as an employer. In the Complaint, Plaintiff alleged "Defendant is a corporation doing business in the Northern District of Ohio and is an employer as defined by 42 U.S.C. § 12101 et seq., and

-2-

O.R.C. 4112.01." Plaintiff's Complaint is legally sufficient. Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is DENIED.

**II.     Summary Judgment.**

Summary judgment is appropriate when the court is satisfied "that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine dispute" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine [dispute] of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a dispute is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual [disputes] that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms,

conditions, and privileges of employment." 42 U.S.C. § 12112(a). Covered entities include employers who have "15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. §§ 12111(2) and (5)(A). The threshold number of employees is an element of Plaintiff's claim for relief, not a jurisdictional issue. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516, 126 S. Ct. 1235, 163 L.Ed. 2d 1097 (2006).

The Court has reviewed the Briefs submitted by the Parties, including all exhibits, as well as a thorough review of the deposition transcripts and affidavits submitted in support of Defendant's Motion. Based on the evidence submitted, genuine issues of material fact exist as to whether Defendant qualified as an employer under the ADA at the time of the alleged discrimination. Discrepancies between the deposition testimony and the records kept, or not kept, by Defendant make it difficult to ascertain whether certain individuals were employees of Defendant during the time period in question.

It is possible that with additional discovery, the work relationships between Defendant and several of the individuals discussed in briefing thus far may become more clear. However, at this time, genuine disputes exist which can only be properly be resolved by a finder of fact. Accordingly, Defendant's Motion for Summary Judgment is DENIED WITHOUT PREJUDICE. Defendant may renew its argument that it is not an employer for purposes of Plaintiff's ADA claim at a later time if warranted.

**Conclusion**

Based on the foregoing, Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the Alternative, for Summary Judgment filed by Defendant, Technical Tool and Gage, Inc. (Docket #7) is DENIED.

IT IS SO ORDERED.

                                           s/Donald C. Nugent
                                           DONALD C. NUGENT
                                           United States District Judge

DATED: December 13, 2011